IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COMMERCE COMMERCIAL LEASING, LLC,** *ASSIGNEE OF NORVERGENCE, INC.* | : : : : **CIVIL ACTION NO. 04-CV-04554(SD)** |
| **Plaintiff,** | : : |
| v. | : : |
| **BI-COUNTY SCALE ACQUISITION COMPANY, LLC** d/b/a **BI-COUNTY INDUSTRIES** and **IRA ROSENFELD** | : : : : : : |
| **Defendants.** | : |

### MOTION OF PLAINTIFF, COMMERCE COMMERCIAL LEASING, LLC, ASSIGNEE OF NORVERGENCE, INC., TO REMAND CIVIL ACTION

Plaintiff, Commerce Commercial Leasing, LLC, Assignee of Norvergence, Inc., by and through its undersigned attorneys, Lamm, Rubenstone, Totaro & David, LLC, hereby files this Motion to Remand Civil Action to the Montgomery County, Pennsylvania Court of Common Pleas pursuant to 28 U.S.C. § 1447(c), and in support thereof relies on the attached Memorandum of Law and avers as follows:

1. Plaintiff, Commerce Commercial Leasing, LLC (hereinafter referred to as "Commerce"), Assignee of Norvergence, Inc. (hereinafter referred to as "Norvergence") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania. Defendant, Bi-County Scale Acquisition Company, LLC d/b/a Bi-County Industries (hereinafter referred to as "Bi-County") is, upon information and belief, a New York Corporation.

296535-1

Defendant, Ira Rosenfeld (hereinafter referred to as "Rosenfeld") is, upon information and belief, an adult individual and Vice President of Bi-County.

    2.    On or about October 1, 2003, Bi-County executed and delivered to Norvergence a certain Equipment Rental Agreement Number 100142 (hereinafter referred to as "Lease"), which provided for the lease and hire of certain items of equipment as more particularly described therein (hereinafter referred to as "Equipment"). A true and correct copy of the Lease is attached hereto, incorporated herein, and marked as Plaintiff's Exhibit "A."

    3.    In order to induce Norvergence to enter into the Lease, on or about October 1, 2003, Rosenfeld made, executed, and delivered to Norvergence a Personal Guaranty ("Guaranty") contained within the Lease, wherein Rosenfeld agreed to unconditionally, jointly and severally guaranty to Norvergence, all payments and other obligations owed to Norvergence by Bi-County under the Lease. A true and correct copy of the Guaranty is included in the Lease attached hereto as Plaintiff's Exhibit "A."

    4.    Thereafter, Commerce became the Assignee of Norvergence by virtue of an Assignment, thereby acquiring all of Norvergence's right, title and interest in and to the Lease and Equipment, including the right to institute legal proceedings to exercise the rights and remedies of Lessor pursuant to same. A true and correct copy of the Assignment is attached hereto, incorporated herein, and marked as Plaintiff's Exhibit "B."

    5.    On August 19, 2004, Commerce commenced a Civil Action against Bi-County and Rosenfeld by filing a Complaint in the Montgomery County, Pennsylvania Court of Common Pleas as Docket No. 04-23444. A true and correct copy of the Complaint is attached hereto, incorporated herein, and marked as Plaintiff's Exhibit "C."

6. On August 27, 2004, Bi-County was personally served with Plaintiff's Complaint by Process Server at the address of 75 Kean Street, West Babylon, Suffolk County, New York upon Frank Figueroa, Officer of Bi-County. A true and correct copy of the Process Server's Sworn Affidavit of Service is attached hereto, incorporated herein, and marked as Plaintiff's Exhibit "D."

7. On September 9, 2004, Rosenfeld was personally served with Plaintiff's Complaint by Process Server at the address of 2 Carlin Place, Great Neck, Nassau County, New York upon the Defendant. A true and correct copy of the Process Server's Sworn Affidavit of Service is attached hereto, incorporated herein, and marked as Plaintiff's Exhibit "E."

8. On September 28, 2004, Bi-County and Rosenfeld filed a Petition for Removal of the Civil Action to the United States District Court for the Eastern District of Pennsylvania.

9. Pursuant to 28 U.S.C. § 1447(c), a Motion to Remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty (30) days after filing of the Notice of Removal under 28 U.S.C. § 1446(a).

10. Pursuant to 28 U.S.C. § 1446(b), a Notice of Removal shall be filed within thirty (30) days after receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

11. The courts have held that when there is more than one Defendant, each Defendant must join in and consent to the removal petition.

12. It follows, and the courts have also held, that notice of removal, in the instance when there is more than one Defendant, must be filed no later than thirty (30) days after service of process upon the *first-served* Defendant in order for the removal to be made soundly under 28 U.S.C. § 1446(b).

13. In the instant matter, the Petition for Removal was not filed by the Defendants within thirty (30) days after service of the Complaint upon Bi-County, the chronologically first-served Defendant. Instead, the Petition for Removal was filed thirty-two (32) days after service of the Complaint upon Bi-County.

14. Defendants, accordingly, have failed to conform to the procedure for removal set forth in 28 U.S.C. § 1446(b).

**WHEREFORE**, Plaintiff, Commerce Commercial Leasing, LLC, Assignee of Norvergence, Inc., respectfully requests that this Honorable Remand this Civil Action to the Montgomery County, Pennsylvania Court of Common Pleas

Respectfully Submitted,

**LAMM, RUBSENSTONE, TOTARO & DAVID, LLC**

By: __/s/  Stephen Levin_____
Stephen Levin, Esquire,
Atty I.D. No. 19300
Todd Harris Surden, Esquire,
Atty I.D. Pending; Admitted to Practice in
Pennsylvania as of October 15, 2004
Four Greenwood Square, Suite 200
Bensalem, PA 19020
(215) 638-9330
Attorneys for Plaintiff

Date:   October 26, 2004

296535-1