IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COMMERCE COMMERCIAL LEASING, LLC,** *ASSIGNEE OF NORVERGENCE, INC.* : : : : **CIVIL ACTION NO. 04-CV-04554(SD)** **Plaintiff,** : : **v.** : : **BI-COUNTY SCALE ACQUISITION COMPANY, LLC d/b/a BI-COUNTY INDUSTRIES** : : **and** : **IRA ROSENFELD** : : **Defendants.** : | |

**BRIEF IN SUPPORT OF MOTION OF PLAINTIFF, COMMERCE COMMERCIAL LEASING, LLC, ASSIGNEE OF NORVERGENCE, INC., TO REMAND CIVIL ACTION**

**I.   Factual Background**

Plaintiff, Commerce Commercial Leasing, LLC (hereinafter referred to as "Commerce"), Assignee of Norvergence, Inc. (hereinafter referred to as "Norvergence") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania. Defendant, Bi-County Scale Acquisition Company, LLC d/b/a Bi-County Industries (hereinafter referred to as "Bi-County") is, upon information and belief, a New York Corporation. Defendant, Ira Rosenfeld (hereinafter referred to as "Rosenfeld") is, upon information and belief, an adult individual and Vice President of Bi-County.

On or about October 1, 2003, Bi-County executed and delivered to Norvergence a certain Equipment Rental Agreement Number 100142 (hereinafter referred to as "Lease"), which provided for the lease and hire of certain items of equipment as more

particularly described therein (hereinafter referred to as "Equipment").  In order to induce Norvergence to enter into the Lease, on or about October 1, 2003, Rosenfeld made, executed, and delivered to Norvergence a Personal Guaranty ("Guaranty") contained within the Lease, wherein Rosenfeld agreed to unconditionally, jointly and severally guaranty to Norvergence, all payments and other obligations owed to Norvergence by Bi-County under the Lease.  Thereafter, Commerce became the Assignee of Norvergence by virtue of an Assignment, thereby acquiring all of Norvergence's right, title and interest in and to the Lease and Equipment, including the right to institute legal proceedings to exercise the rights and remedies of Lessor pursuant to same.

On August 19, 2004, Commerce commenced a Civil Action against Bi-County and Rosenfeld by filing a Complaint in the Montgomery County, Pennsylvania Court of Common Pleas as Docket No. 04-23444.  On August 27, 2004, Bi-County was personally served with Plaintiff's Complaint by Process Server at the address of 75 Kean Street, West Babylon, Suffolk County, New York upon Frank Figueroa, Officer of Bi-County. On September 9, 2004, Rosenfeld was personally served with Plaintiff's Complaint by Process Server at the address of 2 Carlin Place, Great Neck, Nassau County, New York upon the Defendant.

On September 28, 2004, Bi-County and Rosenfeld filed a Petition for Removal of the Civil Action to the United States District Court for the Eastern District of Pennsylvania.

## II.	**The Instant Matter Should be Remanded for Failure to Conform to 28 U.S.C. §	1446(b)**

### A.	**Procedure for Removal**

The procedure for Removal of Civil Action is set forth in 28 U.S.C. § 1446(b). "A notice of removal shall be filed within thirty (30) days after receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

The courts have shown disfavor toward removal generally.  The Court of Appeals has held that the removing Defendant bears the burden of establishing that the filing of the Notice of Removal was both timely filed and that the procedure was proper.  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d. Cir. 1990).  Additionally, the Supreme Court has held that removal statutes should be strictly construed in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).   Any doubts should be resolved in favor of remand.  Rodriguez v. SCG Mortgage Corp., 1998 WL 54339 (E.D.Pa. 1998) citing Boyer, 913 F.2d at 111.  Additionally, it is clear that when there is more than one Defendant, each Defendant must join in and consent to the removal petition.  Ogeltree, III v. Barnes, 851 F.Supp. 184, 186 (E.D.Pa. 1994).  A removal petition, therefore, faces a difficult and exacting test in order to be procedurally sound.

B.	Faulty Removal in the Instant Matter

The instant matter should be remanded because the procedure for removal was faulty.  Defendant Bi-County was served with Plaintiff's Complaint by Process Server on August 27, 2004.  Defendant Rosenfeld was served with Plaintiff's Complain by Process Server on September 9, 2004.  However, the Notice of Removal was not filed until September 28, 2004.  This date, being thirty-two (32) days following service of the

Complaint upon Bi-County, the chronologically first-served Defendant in the instant matter, falls beyond the established time frame for proper removal.

Under well-established case law, the Notice of Removal was not timely filed and, accordingly, this matter should be remanded. It is clear that a defendant has no more than thirty (30) days from the date on which he or she was served with the Complaint to file a timely Petition for Removal. The Courts of Appeals have only consented to the removal of cases in which multiple defendants have each either filed a Petition for Removal or joined in an already-existing Petition for Removal within thirty (30) days after service of the Complaint upon that particular defendant. In <u>Getty Oil Corp. v. Insurance Company of North America</u>, the Court of Appeals held that "all served defendants must join in the petition [for removal] no later than thirty days from the day on which the first defendant was served." 841 F.2d 1254, 1263 (5th Cir. 1988). Additionally, in <u>McKinney v. Board of Trustees of Maryland Community College</u>, the Court of Appeals held that "individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition." 955 F.2d 924 (4th Cir. 1992). It is clear that a Petition for Removal can be filed no later than thirty (30) days after the date on which the chronologically first-served defendant is served.

Because the Petition for Removal in controversy in the instant matter was filed more than thirty (30) days after the first-served Defendant, Bi-County, was served with Plaintiff's Complaint, it must be remanded. In fact, this Court has previously remanded a case that presents a highly similar factual scenario to the instant matter. In <u>Rodriguez</u>, this Court remanded a case wherein the notice of removal was filed more than thirty (30) days after service of process of Plaintiff's Complaint on the chronologically first-served

Defendant.  1998 WL 54339 (E.D. Pa. 1998).  This Court referred to the attempted removal as an attempt "to piggy-back onto the notice of removal of a later served defendant … The attempt to piggy-back removal is not permitted under any known case law." Id. at 3.

The same factual situation presents itself in the instant matter.  Bi-County is attempting to "piggy-back" onto the otherwise proper removal by Rosenfeld, whose particular Notice of Removal was made within thirty days after he was personally served with Plaintiff's Complaint.  Moreover, Rosenfeld, as an officer, owner or employee of Bi-County, had notice of the lawsuit upon its service on Bi-County and used the fact that Rosenfeld was not served until several days later as an attempt to extend the removal period, the very occurrence that the Federal Rules of Civil Procedure invalidates.  Bi-County's untimely attempted "piggy-back" constitutes a circumvention of 28 U.S.C. § 1446(b).  Because the courts have definitively established that the Notice of Removal must be made within thirty days of service upon the first-served defendant, Defendants' Petition for Removal in the instant matter must be denied and the case must be remanded.

**[INTENTIONALLY LEFT BLANK]**

**III.     Conclusion**

The procedure for removal, governed by 28 U.S.C. § 1446(b), states that a petition for removal must be agreed to by all defendants and filed within thirty days after service of process of plaintiff's complaint. When there are multiple defendants, the courts have held that a notice of removal must be filed within thirty days after service upon the chronologically first-served defendant. In the instant matter, the notice of removal was filed more than thirty days after service of process upon the first-served defendant, Bi-County. This matter should be remanded to the Montgomery County, Pennsylvania Court of Common Pleas.

                                        Respectfully Submitted,

                                        **LAMM, RUBSENSTONE,**
                                              **TOTARO & DAVID, LLC**

                                By: _____/s/ Stephen Levin, Esquire_____
                                    Stephen Levin, Esquire, Atty I.D. 19300
                                    Todd Harris Surden, Esquire, Atty I.D.
                                            Pending; Admitted to Practice in
                                            Pennsylvania as of October 15, 2004
                                    Four Greenwood Square, Suite 200
                                    Bensalem, PA 19020
                                    (215) 638-9330
                                    Attorneys for Plaintiff

Date:   October 26, 2004